# Supreme Court of Texas

### No. 21-0652

Three Aces Towing, Inc. d/b/a Three Aces Storage,

*Petitioner*,

v.

Cassie Landrum, Individually, and as Personal Representative of the Estate of Jeffrey Landrum,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

"Texas law imposes no general duty to 'become a good Samaritan,' [though] . . . a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) (brackets omitted) (quoting *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d. 393, 396 (Tex. 1991)).[1] But that duty of reasonable

---

[1] *Accord Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 151 (Tex. 2022); *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 120 (Tex. 1976).

care "is limited to that undertaking." *Id.* at 839 (quoting *Sbrusch*, 818 S.W.2d at 397). A divided court of appeals misapplied that limit in this case. 628 S.W.3d 346 (Tex. App.—Houston [14th Dist.] 2021). Accordingly, we reverse and render judgment for petitioner.

The facts are undisputed. Petitioner 3 Aces Towing, Inc. d/b/a 3 Aces Storage is owned by Dawn and Robert Hancock. Though 3 Aces is primarily a wrecker company, it also operates a public mini-storage facility and contracts with General Shelters of Texas to sell storage shelters on commission. General Shelters' employee, Jeffrey Landrum, delivered two 8' x 8' portable storage units by tractor trailer to 3 Aces' facility. Landrum had no one with him to assist with unloading them. Dawn, then 54, was present, along with two of her grandchildren, but she had never helped with unloading storage units. Robert, her husband, had occasionally assisted General Shelters' drivers, but he was away on a wrecker. Rather than wait for his return, Landrum proceeded to unload the units on his own.

The truck was equipped with a winch, which Landrum did not use. Instead, he pushed the storage units by hand to the end of the trailer over rollers mounted on the trailer bed. He then pulled them down ramps extending to the ground. After successfully unloading one unit, the rollers under the second unit stuck. Landrum asked Dawn to help him push the unit "maybe a foot" to the end of the trailer, and Dawn did. At that point, Landrum said he would pull the unit over the end of the trailer and walk it down the ramps with his hands. He told Dawn to step away while he did that in case the unit fell. Dawn stepped back about 12 feet and turned her attention to her grandchildren, who were

2

standing there. Moments later, Dawn heard the unit crash as it fell off the trailer, crushing Landrum. She could not budge the unit but mounted a nearby excavator,[2] which she had never operated, and managed to use it to lift the unit off Landrum. Despite her best attempts to save him, Landrum died at the scene from his injuries.

Landrum's daughter, Cassie Landrum, brought this wrongful-death and survival action against 3 Aces. The trial court granted 3 Aces' motion for summary judgment.[3] A divided court of appeals reversed in part, reasoning that because Dawn "insert[ed] herself in the unloading procedure, [she] undertook a duty to protect Landrum from dangers that an ordinarily prudent person could foresee were a likely result of the situation." 628 S.W.3d at 354. The court thus concluded that "[a] fact issue remains as to whether Dawn . . . failed to continue to render Landrum assistance." *Id.* at 355.[4]

The dissent pointed out the "undisputed [evidence] that [Dawn's] actions were limited to helping [Landrum] push the building approximately one foot to the end of the trailer." *Id.* at 356 (Wilson, J., dissenting). "[W]hen [Landrum] started to unload the building from the

_____

[2] "Excavators are heavy construction equipment featuring a bucket, arm, rotating cab, and movable tracks. Excavators are used for construction tasks, including landscaping, digging holes and trenches, lifting, placing large objects, and demolition of structures." 628 S.W.3d at 349 n.2.

[3] Cassie sued the Hancocks individually but nonsuited them. She also sued General Shelters, Landrum's subscriber employer.

[4] The court affirmed the trial court's judgment, dismissing other claims that Cassie had asserted. 628 S.W.3d at 352.

3

end of the trailer by himself," the dissent reasoned, "Dawn's participation in the unloading process ended," as did any duty imposed on her by undertaking to help him. *Id.*

We agree with the dissent. The undisputed facts are that Landrum asked Dawn only to help him push the storage unit one foot to the end of the trailer. That is all she did, and she did it safely. She stopped when Landrum told her to. Any duty she undertook to exercise reasonable care ceased by the time Landrum began to unload the unit by himself. *See Kuentz v. Cole Sys. Grp., Inc.*, 541 S.W.3d 208 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (affirming summary judgment for an employment-screening company on a negligent-undertaking claim after the company failed to discover red flags in a workplace shooter's background because the evidence conclusively established that the company's engagement was limited to discrete, unrelated inquiries); *Knife River Corp.–S. v. Hinojosa*, 438 S.W.3d 625 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (rendering judgment for a TxDOT contractor on a negligent-undertaking claim arising from a driver's death because the evidence showed that the scope of the contractor's work included notifying TxDOT of any dangerous road conditions but did not include repairing dangerous conditions).

Cassie argues that once Dawn joined in the unloading procedure, she unreasonably removed her voluntary assistance. "Whatever might be said about [Landrum's] warning to [Dawn] to 'stand back,'" Cassie contends, "the use of practical, common experience should have clued [Dawn] in that attempting to lower the building down on one's own was manifestly unsafe." Cassie argues that Dawn should have expressed

4

that concern, was not free to disregard her duty at her choosing, and failed to continue rendering the assistance voluntarily assumed. These arguments are contradicted by the undisputed facts that Dawn pushed the storage unit safely as Lancaster asked; that she stopped when he told her to; and that she did not know, and never undertook to advise him, how best to unload the unit.

As the court of appeals acknowledged, 628 S.W.3d at 353, the existence of a legal duty is a question of law. *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 145 (Tex. 2022). Assuming that Dawn undertook a duty of care by assisting Landrum when and how he asked, which we need not decide, the undisputed facts establish that any duty ended when he told her to step away while he finished. The court of appeals erred in reversing summary judgment for 3 Aces. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and render judgment for 3 Aces.

**OPINION DELIVERED:** September 23, 2022

5